**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-12486 |
| | : | |
| CRESCENT CITY SCAFFOLD, LLC | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE | : | |
| PLAINTIFF | : | ADVERSARY NO._ |
| | : | |
| V. | : | |
| | : | |
| JOHN FAYARD AND JJK&A HOLDING | : | |
| CORPORATION D/B/A/ COAST SCAFFOLD | : | |
| & SHORING | | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes David V. Adler, Chapter 7 trustee of the captioned estate ("Trustee"), who respectfully represents:

### Jurisdiction, Venue, and Parties

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2016.

2. Applicant is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3. Made Defendants herein are the following:

    a. John Fayard ("Fayard"), an individual (and according to the Debtor's sworn Schedules the 100% owner of the Debtor) who is a lawful resident of St. Tammany Parish, Louisiana; and

3198663-1

b. JJK&A Holding Corporation d/b/a Coast Scaffold & Shoring ("Coast"), a corporation organized under the laws of the state of Louisiana with its principal place of business located in St. Tammany Parish, Louisiana ("Coast").

(Fayard and Coast are sometimes hereinafter collectively referred to as "Defendants").

4. Defendants are subject to the personal jurisdiction of this Court. *See* Federal Rule of Bankruptcy 7004(b)(3), 7004(d), and 7004(f).

5. This adversary proceeding arises under Title 11 of the United States Code and arises out of and relates to the Chapter 7 case of the Debtor, Case Number 16-12486 now pending in this Court.

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding has been brought in accordance with FRBP 7001 and 7004.

## Count I- 11 U.S.C. § 548

7. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

8. Within the two (2) years prior to this bankruptcy case, Debtor made transfers to the Defendant totaling at least $127,000 (the "Transfers").

9. The Debtor received less than reasonable equivalent value in exchange for the Transfers. In fact, upon information and belief, the Debtor received no value in exchange for the Transfers.

10. As evidenced by, among other things, the review of Debtor's business and financial records, bankruptcy schedules, bank records, and proofs of claim filed in this case, Debtor (i) was insolvent or became insolvent as a result of such Transfers; (ii) was engaged in or was about to engage in business or a transaction for which any property remaining with the Debtor was

- 2 -
3198663-1

an unreasonably small capital; (iii) intended to incur, or believed it would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured; and/or (iv) made such Transfers to or for the benefit of an insider (Fayard), or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11. Such Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B), and Fayard is liable as an initial transferee or the person for whose benefit such transfers were made. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Fayard the avoided Transfers, plus interest thereon from the date of the transfers, and the costs of this action.

12. Additionally, and/or alternatively, the Transfers were made by Fayard with the actual intent to hinder, delay, or defraud the creditors of the Debtor. As a result, such Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(A), and Defendant is liable as an initial transferee or the persons for whose benefit such transfers were made. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant the avoided transfers, plus interest thereon from the date of the transfers, and the costs of this action.

13. For example, Fayard, the 100% member and insider of the Debtor directed the Debtor to make the transfers to himself and no value was received from Fayard. These transfers to Fayard were concealed and not disclosed to the Trustee or the creditors on the Debtor's sworn Statement of Financial Affairs executed by Fayard and submitted to this Court. During the time the Transfers were made in early 2015, Debtor was being pursued by Brand Energy and Infrastructure Services, Inc. ("Brand") on Debts that began to accrue in 2013. The monies were transferred out of the Debtor's account by Fayard as soon as the monies were received, leaving Debtor hopelessly insolvent, especially given the Brand debts which continued to accrue.

## Count II -- U.S.C. § 544(b)

14. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

15. To the extent that the claims herein arise pursuant to 11 U.S.C. § 544(b), the Trustee is asserting the rights of creditors with unsecured claims allowable in this Bankruptcy Case, including Brand who was a creditor of the Debtor at the time of the Transfers and who could avoid the Transfers under the Louisiana Revocatory Action and other applicable state and/or federal law.

16. The Transfers caused or increased the insolvency of the Debtor.

17. By reason of the foregoing, the Transfers are voidable pursuant to 11 U.S.C. §544(b) and applicable state and/or federal law, including without limitation, the Louisiana Revocatory Action (La. Civ. Code art. 2036, et seq.), and Fayard is liable as an initial transferee or the person for whose benefit such Transfer was made. Pursuant to 11 U.S.C. §550(a), the Trustee is entitled to recover from Fayard the avoided Transfers, plus interest thereon from the date of the Transfers, and the costs of this action.

## Count III- La. R.S. §12:1327

18. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

19. Additionally and/or alternatively, Fayard was/is a member of the Debtor, and caused the Debtor to make the Transfers referred to herein. To the extent that it is claimed that the Transfers were in fact distributions to Fayard, the Transfers were made (i) while the Debtor was unable to pay its debts as they became due in the usual course of business and/or (ii) while the Debtor's total assets were less than the sum of its total liabilities. Moreover, the Transfers benefitted Fayard to the detriment of the unsecured creditors of the Debtor, including Brand. As

such, the Transfers were in fact unlawful distributions pursuant to La. R.S. 12:1327, and Defendant is liable pursuant to La. R.S. 12:1328.

**Count IV- Contract Claim against Coast**

20. Brand, an unsecured creditor in this bankruptcy case, has filed a proof of claim in the amount of $565,426.79 ("Brand Claim"). The Brand Claim is based upon the breach of a March 26, 2013 Agency Agreement entered into between the Debtor and Harsco Infrastructure North Americas, a division of Harsco Corporation (Brand is the successor in-interest to Harsco). Under the Agency Agreement, Debtor was to be the non-exclusive agent for the sale and rental of Harsco's/Brand's products in Louisiana, Mississippi, and Alabama. Invoices due on such rentals and sales of Harsco's/Brand's equipment were to be paid to Debtor, and Debtor was thereafter to pay Harsco/Brand under the terms of the Agency Agreement.

21. In a Settlement Agreement and Global Release executed by Debtor, Coast, Brand, Harsco, and Cycle Construction Company, LLC ("Cycle"), Coast[1] has admitted that it "is the successor-in-interest to [Debtor], such that Coast has assumed all of the liabilities and obligations of [Debtor] to Cycle under the Subcontract." Cycle is a third-party to whom the Debtor rented equipment owned by Brand supplied to Debtor under the Agency Agreement between Brand and Debtor. The statement by Coast is not limited to assuming only obligations and liabilities of the Debtor to Cycle, but admits the broader successor-in-interest relationship.

22. The Trustee is currently reviewing information from Brand as set forth in its proof of claim and otherwise in order to make a decision as to whether he agrees with the exact amount of the claim and decide whether certain adjustments to the claim amount are warranted. However,

---

[1] Coast is owned either by Fayard, his wife, or both.

the Trustee (through undersigned counsel) does believe substantial liability exists with respect to the Brand Claim.[2]

23. Accordingly, the Trustee respectfully requests that based upon this successor liability, this Court Order that Coast pay the amount of the allowed Brand Claim through the estate.

**Reservation of Rights**

24. On information and belief, the Trustee believes that other payments may have been made to the Defendants and/or other obligations may have been incurred in favor of Defendants within three years of the filing of the petition date which are not specifically described herein. All of such transfers are avoidable pursuant to the theories set forth in this Complaint. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendants or any other transferee. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the transfers described herein, (ii) any additional transfers, (iii) modifications of and/or revision to Defendant(s) name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. § 542, § 544, § 545, § 548 and § 549) (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**WHEREFORE**, the Trustee requests that this Court grant him the following relief and enter judgment against the Defendants:

> a. Finding that the Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B) and/or §548(a)(1)(A); that Fayard is liable as an initial transferee or the person for whose benefit such transfers were made; and that pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Fayard the avoided transfers, plus interest thereon from the date of the transfers;

---

[2] Of course, Mr. Fayard, as a part in interest, is free to object to the Brand Claim if he does not agree with the Trustee's assessment.

3198663-1

b. Additionally, and/or alternatively, finding that the Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and other applicable state and/or federal law, including without limitation Louisiana Civil Code art. 2036, *et seq*.; that Fayard is liable as an initial transferee or the person for whose benefit such Transfers were made; and that pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Fayard the avoided Transfers, plus interest thereon from the date of the Transfers;

c. Additionally, and/or alternatively, holding Fayard liable for the Transfers as unlawful distributions in accordance with La. R.S. 12:1327 and La. R.S. 12:1328;

d. Finding that Coast is liable to the estate for the Brand Claim under the theory of successor liability;

e. Awarding pre-judgment interest at the maximum legal rate running from the date of each transfer to the date of judgment herein;

f. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus all costs of this action;

g. Requiring Defendants to pay forthwith the judgment amount awarded in favor of the Trustee;

h. Awarding the Trustee the costs of this action; and

i. Granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075


By: */s/ Fernand L. Laudumiey, IV*
    David J. Messina, #18341
    Fernand L. Laudumiey, IV, #24518

**Please Issue Summons To:**

1. **JOHN FAYARD**

   61537 HWY 11
   SLIDELL, LA 70458

2. **JJK&A HOLDING CORPORATION D/B/A/ COAST SCAFFOLD & SHORING**

   61537 HWY 11
   SLIDELL, LA 70458