# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-12486 |
| | : | |
| CRESCENT CITY SCAFFOLD, LLC | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE | : | |
|     PLAINTIFF | : | ADVERSARY NO. 18-1104 |
| | : | |
| V. | : | |
| | : | |
| JOHN FAYARD AND JJK&A HOLDING | : | |
| CORPORATION D/B/A/ COAST SCAFFOLD | : | |
| & SHORING | | |

## MOTION TO COMPEL

**NOW INTO COURT**, through undersigned counsel, comes David V. Adler ("Trustee" or "Plaintiff"), who respectfully represents:

1. The Trustee served Requests for Admission, Interrogatories, and Requests for Production of Documents ("Discovery Requests") (*See* Exhibit "A") upon defendants John Fayard ("Fayard") and JJK&A Holding Corporation d/b/a Coast Scaffold and Shoring ("Coast") (sometimes collectively "Defendants") on October 24, 2018. Although responses were due on or before November 22, 2018, in the spirit of cooperation and professional courtesy, the Trustee agreed to give Defendants a two-week extension so that the responses were due on or before December 7, 2018.

2. Defendants failed to respond to the Discovery Requests by the due date, and the Requests for Admission are now deemed admitted under the law.

3297481-1

3. After prompting from the Trustee's counsel, Defendants finally responded to the Interrogatories and Requests for Production of Documents on December 12, 2018. The responses were woefully inadequate (*See* responses to Interrogatories as Exhibit "B" and responses to Requests for Production of Documents as Exhibit "C.").

### Interrogatories

4. FRBP 7033(b)(1)(A) requires responses to interrogatories to be answered "*by the party to whom they are directed*." FRBP 7033(b)(1)(B) requires answers for an entity to be provided by "any officer or agent." FRBP 7033(b)(3) and (b)(5) and FRCP 33(b)(3) and (5) require each interrogatory to be answered separately and fully in writing under oath. They must also be signed by the person who answered them. The responses submitted by the Defendants were not made under oath and were not signed by the parties allegedly making them. *See Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (stating that the federal procedural rules are not optional and Rule 33(b)(5) "could not be more clear" about requiring interrogatory answers to be signed). Courts have held that This requirement is critical because "interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." *Melius v. Nat'l Indian Gaming Comm'n*, 2000 U.S. Dist. LEXIS 22747, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (internal citation omitted).

5. Here, the responses were only signed and attested to by counsel for Defendants. They provide absolutely no probative value, and it is analogous to no response whatsoever.

**Requests for Production of Documents**

6. Defendants responded "none" to two (2) of the nine (9) production requests. When Defendants did respond to the Requests for Production, they provided the exact same response to the remaining seven (7) requests:

> With the possible exception of the Quality Construction contract that was nominally entered into with JE Consulting and Construction, LLC (the "Quality Contract"), all documents relevant to this matter and in the custody or control of the Defendants have previously been produced to the trustee. The Quality Contract has not yet been located. If it is located these responses will be supplemented.

7. Although general documents relating to the Debtor's finances (such as bank statements and Tax returns) have been produced in connection with other proceedings and requests, no responsive documents related to the issues involved in this Adversary Proceeding have been produced by Defendants. Defendants cannot provide this vague and unresponsive answer to each and every request in the hopes of simply sidestepping the Trustee's requests.

**Local Rule 7026-1 Certification**

8. Local Rule 7026-1 provides that "[n]o motion relative to discovery, including motions for protective orders, may be filed unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone in a good faith effort to resolve amicably the issues without court intervention or stating that opposing counsel has refused to so confer after reasonable notice."

9. Undersigned counsel certifies that he has spoken with counsel for Defendants in an attempt to resolve the dispute and has advised counsel for Defendants that he will be filing this motion.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue an order:

(a) Requiring Defendants to comply with the FRBP and fully respond to the Interrogatories and Requests for Production on an expedited basis;

(b) Providing Trustee's counsel its reasonable expenses and attorney's fees in making this motion under FRBP 7037(a)(5)(A); and

(c) Providing for such other and further relief as is just.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075

By: */s/ Fernand L. Laudumiey, IV*
    David J. Messina, #18341
    Fernand L. Laudumiey, IV, #24518
Attorneys for Barbara Rivera-Fulton, Trustee

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading was sent to opposing counsel via e-mail on the 18th day of December 2018.

By: */s/ Fernand L. Laudumiey, IV*
    Fernand L. Laudumiey, IV