# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-12486 |
| | : | |
| CRESCENT CITY SCAFFOLD, LLC | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE | : | |
| PLAINTIFF | : | ADVERSARY NO. 18-1104 |
| | : | |
| V. | : | |
| | : | |
| JOHN FAYARD AND JJK&A HOLDING | : | |
| CORPORATION D/B/A/ COAST SCAFFOLD | : | |
| & SHORING | | |

## REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

David V. Adler, Trustee of the above captioned bankruptcy estate, through his undersigned counsel, requests that Defendants John Fayard ("Fayard") and JJK&A Holding Corporation d/b/a Coast Scaffold and Shoring ("Coast") (sometimes collectively "Defendants" or "you") admit in accordance with Federal Rule of Civil Procedure 36, as incorporated into bankruptcy proceedings by Rule of Bankruptcy Procedure 7036, the truth of the following facts; answer under oath, in accordance with Federal Rule of Civil Procedure 33, as incorporated into bankruptcy proceedings by Rule of Bankruptcy Procedure 7033, the following interrogatories; and produce the following documents in accordance with Federal Rule of Civil Procedure 34, as incorporated into bankruptcy proceedings by Rule of Bankruptcy Procedure 7034.

3261659-1

Exhibit "A"

## GENERAL INSTRUCTIONS

You are requested to furnish all information in your possession and all information available to you, not only such information as you know of your own personal knowledge, but also knowledge that is available to you and/or your representatives (as defined herein) by reason of inquiry, including inquiry of their representatives. Pursuant to the Federal Rules of Civil Procedure as incorporated by the Rules of Bankruptcy Procedure, these Requests for Admission, Interrogatories, and Requests for Production of Documents shall be deemed continuing and you are required to supplement your responses in the event new or additional information is acquired.

## DEFINITIONS

1.      The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary, to bring within the scope of any interrogatory, request for admission, or request for production all responses which might otherwise be construed to be outside the scope.

2.      The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, made by or to anyone, including, without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

3.      The term "identify" shall mean the following: (1) when referring to a *person,* it means to state their full name, age, residential address and phone number, business address and phone number, and occupation; (2) when referring to a *corporation, partnership, limited liability company, association, agency or other business entity*, it means to state its name, address, state of incorporation, if applicable, and major purpose or business activity; (3) when referring to a *statement*, it means to identify the person(s) who made it, took it, recorded it, or received it; the date and location of where it was made; how it was recorded or transcribed and what machines

or instruments were used to record or transcribe it, if any; the name(s) and address(es) of any person(s) who have possession or last known possession, custody or control thereof; (4) when referring to a *document*, it means to identify its date, state its general content including where, when, and how it was made, identify the name(s) and address(es) of the person(s) who made it, received it, and who have possession or last known possession, custody and control of it (providing that answers to interrogatories requesting identifications or descriptions of "communications" or "documents" may be satisfied by attaching a true and correct copy of any written documents containing the requested information); and (5) when referring to any other *tangible thing*, it means to give a detailed description thereof, including where, when and how it was made, the name(s) and address(es) of the person(s) who made it, and identify who presently has possession or last known possession, custody or control of such thing.

4.      The term "Complaint" means the Complaint filed in the United States Bankruptcy Court for the Eastern District of Louisiana entitled *"David Adler, Trustee v. John Fayard, et al."* bearing adversary proceeding number 18-1104.

5.      The term "creditor" as used herein shall have the meaning as set forth in 11 U.S.C. §101(10).

6.      The terms "Debtor" means Crescent City Scaffold, LLC, whose Chapter 7 bankruptcy case bearing number 16-12486 "B" is pending before the United States Bankruptcy Court for the Eastern District of Louisiana.

7.      The term "document" is used herein in its broadest sense and includes any medium upon which intelligence or information can be recorded, maintained or retrieved, including without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is

in your or your representatives' possession, custody or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Federal Rule of Evidence 1001 and includes the original (or a copy if the original is not available) and any nonidentical copies (whether different from the original because of notes made on the copy or otherwise). Solely for the purpose of illustration and without limiting the meaning of the term, "document" shall include correspondence, memoranda, e-mails, interoffice communications, notes, diaries, contracts, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notes of telephone conversations, audio tapes, video tapes, and computer floppy disks and hard disk drives.

8. The term "expert" shall have the same meaning as that set forth in Federal Rule of Civil Procedure 26.

9. The term "initial transferee" shall have the same meaning as used in 11 U.S.C. §550(a).

10. The term "insider" as used herein shall have the same meaning as used in 11 U.S.C. §101(31).

11. The term "insolvent" as used herein shall have the same meaning as set forth in 11 U.S.C. §101(32).

12. The term "person" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group or combination acting as a unit, or any other business, governmental or legal entity.

13. The term "Petition Date" as used herein means October 10, 2016, the date of the

filing of Debtor's bankruptcy case.

14.     The term "Plaintiff" means David Adler, Chapter 7 Trustee for the bankruptcy estate of Debtor.

15.     The terms "relate to" or "pertain to" and "relating to" or "pertaining to" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

16.     The term "representative" means and includes any and all agents, employees, partners, members, associates, independent contractors, servants, officers, directors, attorneys, accountants, investigators, and consultants who act or have acted on your behalf, or who purport to act or have purported to act on your behalf, whether any of the above were hired or appointed by you, your attorneys, or other representatives.

17.     The term "transfer" as used herein shall have the same meaning as set forth in 11 U.S.C. §101(54).

18.     The terms "you," "your," or any similar designation means collectively John Fayard and JJK&A Holding Corporation d/b/a Coast Scaffold and Shoring.

19.     The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

20.     The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

## REQUESTS FOR ADMISSION

### Specific Instructions for Admissions:

A-1.    You are required to admit, in the manner prescribed by Rule 36 of the Federal Rules of Civil Procedure (made applicable by Rule 7036 of the Federal Rules of Bankruptcy Procedure) for purposes of the pending action only, within thirty (30) days after service of these requests for admission, the truth of each of the matters set forth below.

A-2.    Each matter of which an admission is requested shall be admitted unless, within thirty (30) days after service of this request, you serve upon Plaintiff a written answer or objection addressed to the matter, signed by you or your attorney.  If objection is made, the reasons therefor shall be stated.

A-3.    The answer shall specifically admit or deny the matter (including subparts) or set forth in detail the reasons why you cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

A-4.    You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

A-5.    Pursuant to the Federal Rules of Civil Procedure as incorporated by the Rules of Bankruptcy Procedure, these requests for admission shall be deemed continuing and you are required to supplement your responses in the event new or additional information is acquired.

### Requests for Admission

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Rule of

Bankruptcy Procedure 7036, please admit the truth of the following facts:

**Request for Admission No. 1:**

Admit that the spreadsheet attached hereto as Exhibit "A" (i) is a true and accurate summary of transfers ("Transfers") received by Fayard from the Debtor's Smart Business Checking account number 110098113 and (ii) accurately identifies the date and amount of those Transfers received by Fayard.

**Request for Admission No. 2:**

Admit that Fayard received the Transfers reflected on Exhibit "A."

**Request for Admission No. 3:**

Admit that the Transfers constituted transfers of an interest of the Debtor in property.

**Request for Admission No. 4:**

Admit that the Debtor (i) was insolvent at the time Fayard received the Transfers or (ii) became insolvent as a result of the Transfers.

**Request for Admission No. 5:**

Admit that the Transfers were made for your benefit to the detriment of unsecured creditors of the Debtor.

**Request for Admission No. 6:**

Admit that the Debtor's total assets were less than the sum of its total liabilities after giving effect to the Transfers.

**Request for Admission No. 7:**

Admit that the Transfers were made within two (2) years of the Petition Date.

**Request for Admission No. 8:**

Admit that the Debtor was not obligated or indebted in any way to you in connection with

the Transfers.

**Request for Admission No. 9:**

Admit that the Debtor received (i) no value in exchange for the Transfers or (ii) less than

reasonably equivalent value in exchange for the Transfers.

**Request for Admission No. 10:**

Admit that Fayard was the initial transferee of the Transfers.

**Request for Admission No. 11:**

Admit that the Transfers were made by Debtor with the actual intent to hinder, delay, or

defraud the creditors of the Debtor

**Request for Admission No. 12:**

Admit that Fayard was (i) the 100% member of the Debtor at the time of the Transfers (as

stated in the Debtor's Statement of Financial Affairs) and/or (ii) an insider of the Debtor.

**Request for Admission No. 13:**

Admit that Fayard directed the Debtor to make the Transfers to himself.

**Request for Admission No. 14:**

Admit that the transfers to Fayard were (i) concealed and/or (ii) not disclosed to the

Trustee or the creditors on the Debtor's sworn Statement of Financial Affairs executed by

Fayard.

**Request for Admission No. 15:**

Admit that Coast was the immediate or mediate transferee of the Transfers.

**Request for Admission No. 16:**

Admit that the Transfers were not distributions to Fayard by the Debtor.

**Request for Admission No. 17:**

If Fayard contends the Transfers were distributions, admit that the Transfers were made (i) while the Debtor was unable to pay its debts as they became due in the usual course of business and/or (ii) while the Debtor's total assets were less than the sum of its total liabilities.

**Request for Admission No. 18:**

Admit that on or about December 15, 2017, Coast entered into a Settlement Agreement and Global Release ("Release") executed by Debtor, Coast, Brand Energy and Infrastructure Services, Inc. ("Brand"), and others.

**Request for Admission No. 19:**

Admit that in the Release, Coast has admitted that it "is the successor-in-interest to [Debtor], such that Coast has assumed all of the liabilities and obligations of [Debtor] to Cycle under the Subcontract."

**Request for Admission No. 20:**

Admit that the statement by Coast referred to in Admission No. 19 (i) is not limited to assuming only obligations and liabilities of the Debtor to Cycle, and/or (ii) admits a successor-in-interest relationship between the Debtor and Coast.

## INTERROGATORIES

**Specific Instructions for Interrogatories:**

I-1.    You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, consultants, agents or other representatives.

I-2.    You are required to answer each interrogatory separately and fully in writing

under oath, unless it is objected to.

I-3.    If you object to an interrogatory, you must state the reasons for the objection in lieu of an answer.

I-4.    The **ANSWERS ARE TO BE SIGNED UNDER OATH BY THE PERSON MAKING THEM** and the objections are to be signed by the attorney making them.

I-5.    You are required, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to serve a copy of your answers, and objections, if any, within thirty (30) days after the service of these interrogatories unless a shorter or longer time for response is directed by the court.

I-6.    If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

### Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7033, please answer the following interrogatories, under oath.

**Interrogatory No. 1:**

If your response to each Request for Admission set forth above is not a complete and unqualified admission, separately for each response that is not an unqualified admission:

    a.    state the number of the request;

    b.    state all facts upon which you base your response;

    c.    state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

    d.    identify all documents and other tangible things that support your response, and state the name, address, and telephone number of the person who has each document or thing.

**Interrogatory No. 2:**

If your response to Request for Admission number 3 is less than a full and complete admission of the truth of those matters, please state in detail and with specificity why you contend that the Transfers did not constitute transfers of an interest of the Debtor in property.

**Interrogatory No. 3:**

If your response to Request for Admission number 9 is less than a full and complete admission of the truth of those matters, please state what value you contend was received by the Debtor in return for the Transfers.

**Interrogatory No. 4:**

If your response to Request for Admission number 4 is less than a full and complete admission of the truth of those matters, please state when the Debtor became insolvent and the basis for your belief that the Debtor was solvent at any time when the Transfers were made.

**Interrogatory No. 5:**

State the name of each and every witness with personal knowledge who can testify in support of the facts and contentions contained in your Answer to Complaint and your responses to these Requests for Admission, Interrogatories, and Requests for Production of Documents.

**Interrogatory No. 6:**

Give the name, address, and telephone number of each person whom you may seek to call as a witness (fact or expert) at trial in this matter; and for each such person, describe the substance of such person's anticipated testimony. Include both expert and fact witnesses.

**Interrogatory No. 7:**

As to each expert listed in Interrogatory No. 6, separately state in detail all the facts, opinions and conclusions about which he/she is expected to testify including, but not limited to,

the basis and grounds for the opinions and conclusions; identify all documents that the expert has used or created in reaching his opinion, including, but not limited to, reports, graphs, charts, and broadsides that he/she will rely upon or use at trial; identify all matters in which the expert has previously testified as an expert; state all data or other information considered by the witness in forming the opinion; and separately state his qualifications to testify as an expert including, but not limited to, the field of his expertise and work experience.

**Interrogatory No. 8:**

Identify any and all documents relating to or discussing the Transfers, including without limitation, all documents evidencing the Transfers, any and all contracts or invoices relating to the Transfers, all documents relating to obligations paid by the Transfers, all correspondence, emails, or other documents relating to the Transfers or obligations paid by the Transfers, and all documents related to the check made payable to the Debtor showing JB Consulting and Construction, LLC as remitter attached hereto as Exhibit "B."

**Interrogatory No. 9:**

Identify by interrogatory number each and every person who provided information for the preparation of the responses to these interrogatories.

**Interrogatory No. 10:**

Identify all fact and expert witnesses whom you may call at trial and set forth a brief summary of their expected testimony.

**Interrogatory No. 11:**

Identify any and all documents and exhibits that you intend to introduce into evidence at the trial or at any hearing in this matter, all documents you intend to use for impeachment

purposes, and all documents you intend to use for demonstrative purposes or to refresh the recollection of any witness.

**Interrogatory No. 12:**

Identify any and all documents existing between (i) JB Consulting and Construction, LLC and the Debtor for the period January 1, 2014 to the present and (ii) JB Consulting and Construction, LLC and Coast for the period January 1, 2014 to the present.

**Interrogatory No. 13:**

Identify any and all documents existing between the Debtor and Coast, including without limitation those which demonstrate the relationship between the parties, instances where Coast has assumed obligations on behalf of the Debtor, and/or that Coast is the successor in interest to the Debtor.

## REQUESTS FOR PRODUCTION

**Specific Instructions for Requests for Production:**

RFP-1. These requests for production of documents shall be deemed to be requests for all such documents, whether prepared by or for you or by any other party or any other person, which documents are in your possession, or in the possession, custody, or control of your attorneys, accountants, investigators, experts, consultants, agents, or other representatives.

RFP-2. You are required, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to serve a written response to these requests for production of documents and produce the documents described below within thirty (30) days after service of this request <u>unless</u> a shorter or longer time for response and production is directed by the court.

RFP-3. You are required to organize and label the documents you produce to correspond with the categories in these requests. If you are currently in business, you may produce

documents as they are kept in the usual course of your business.

RFP-4. As to each document you are withholding from production on the basis of a privilege, you are to provide the following information to identify the document for a subpoena or motion to compel its production: (i) title or description; (ii) date; (iii) author; (iv) addressee or recipient(s); (v) number of pages; (vi) subject matter; and (vii) the specific grounds for withholding the document.

## Requests for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7034, please produce the following documents:

### Request for Production No. 1:

All documents identified, referred to or utilized in any manner in responding to each Request for Admission and Interrogatory set forth above.

### Request for Production No. 2:

All documents which support your failure to unequivocally admit each Request for Admission set forth above, identified by the number of the Request for Admission which was not unequivocally admitted.

### Request for Production No. 3:

All documents which evidence, establish, or support the allegations and contentions set forth in your Answer to Complaint, including any affirmative defenses set forth therein.

### Request for Production No. 4:

All documents relating to or discussing the Transfers, including without limitation, (i) all documents evidencing the Transfers, (ii) any and all contracts and invoices relating to the Transfers, (iii) all documents relating to obligations paid by the Transfers, and (iv) all

correspondence, emails, or other documents relating to the Transfers or obligations paid by the Transfers.

**Request for Production No. 5:**

With respect to your expert witness(es):

a.  all documents upon which your expert witness bases his findings, opinions, or conclusions;

b.  all reports prepared by your expert to express his opinion;

c.  all exhibits to be used as a summary of or support for his opinions;

d.  all documents describing the expert's current qualifications; and

e.  all publications authored by the expert witness within the preceding ten years.

**Request for Production No. 6:**

All documents you intend to introduce into evidence at the trial of this adversary proceeding.

**Request for Production No. 7:**

All documents related to the check made payable to the Debtor showing JB Consulting and Construction, LLC as remitter attached hereto as Exhibit "B."

**Request for Production No. 8:**

All documents existing between (i) JB Consulting and Construction, LLC and the Debtor for the period January 1, 2014 to the present and (ii) JB Consulting and Construction, LLC and Coast for the period January 1, 2014 to the present.

**Request for Production No. 9:**

All documents existing between the Debtor and Coast, including without limitation those which demonstrate the relationship between the parties, instances where Coast has assumed obligations on behalf of the Debtor, and/or that Coast is the successor in interest to the Debtor.

**PLEASE TAKE NOTICE** that a copy of your written responses must be served upon

the undersigned within thirty (30) days after the service of these Requests for Admission,

Interrogatories, and Request for Production of Documents to Defendant.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075

By:_____
David J. Messina, #18341
Fernand L. Laudumiey, IV, #24518

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2018, I have served a copy of the foregoing pleading on all counsel of record to this matter by facsimile, e-mail, and/or placing the same in the United States Mail, postage prepaid.

_____
Fernand L. Laudumiey, IV

| Date | Amount | Check No | Payee | Description |
|---|---|---|---|---|
| 1/7/2015 | $5,000.00 | N/A | John Fayard | |
| 1/7/2015 | $5,000.00 | N/A | John Fayard | |
| 1/20/2015 | $100,000.00 | N/A | John Fayard | |
| 2/3/2015 | $4,500.00 | N/A | John Fayard | |
| 7/3/2015 | $2,500.00 | 5007 | Jack Fayard | |
| 10/23/2015 | $511.63 | 5069 | Jack Fayard | |

Exhibit A



01/05/2015                    $115,020.00

01/05/2015    979084    $115,020.00

Exhibit B