UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-12486 |
| | * | |
| CRESCENT CITY SCAFFOLD, LLC<br>DEBTOR | * | SECTION B |
| | * | CHAPTER 7 |

**********************************

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE<br>PLAINTIFF | * | |
| | * | ADVERSARY PROCEEDING<br>NO. 18-1104 |
| V. | * | |
| JOHN FAYARD AND JJK&A<br>HOLDING CORPORATION D/B/A/<br>COAST SCAFFOLD & SHORING | * | |

**********************************

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

If your response to each Request for Admission set forth above is not a complete and unqualified admission, separately for each response that is not an unqualified admission:

a.   state the number of the request;

b.   state all facts upon which you base your response;

c.   state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

d.   identify all documents and other tangible things that support your response, and state the name, address, and telephone number of the person who has each document or thing.

**RESPONSE**:

RFA 3: The JE Consulting and Construction check was deposited into the Debtor's bank account on January 5, 2015, but the funds were not the Debtor's funds. The underlying job was not performed by the Debtor. It was performed by Coast using the insurance and license of JE. The first four Transfers listed by the trustee all represent these funds, which were not property of the Debtor.

Exhibit "B"

RFA 4:  See response to Interrogatory no. 4 below.

RFA 5:  The first four transfers were not property of the Debtor.  The last two transfers were repayments of loans made by Jack Fayard and did not in any way increase the insolvency of the Debtor.

RFA 6:  See response to Interrogatory no. 4 below.

RFA 8:  The last two transfers were repayments of loans made by Jack Fayard.

RFA 9:  The first four transfers were not transfers of property of the Debtor.  The Debtor received nothing in exchange for nothing, which is equivalent value.  The last two transfers were repayments of loans made by Jack Fayard.  The Debtor received a one-to-one reduction in its debts, which is equivalent value.

RFA 11:  At no time did Jack Fayard take any action regarding the Transfers with the intent to hinder, delay or defraud the creditors of the Debtor. Fayard put his own money into the Debtor to a greater extent than he took money out.

RFA 14:  The Statement of Financial Affairs did not include the indicated transfers, but it was not omitted in an attempt to conceal anything.

RFA 15:  Jack Fayard was the transferee of some of the Transfers, rather than Coast.

RFA 20:  See response to Interrogatory No. 6, below.

**Interrogatory No. 2:**

If your response to Request for Admission number 3 is less than a full and complete admission of the truth of those matters, please state in detail and with specificity why you contend that the Transfers did not constitute transfers of an interest of the Debtor in property.

RESPONSE: Coast did a job for Quality Construction.  Coast did not have the necessary worker's compensation insurance or the necessary license.  Coast arranged with Jim Book to perform the services under his company's name (JE Consulting and Construction), in order to use his license and insurance.  When the job was complete Quality made the check out to JE. through arrangement with FNBC, the money was deposited into JE's account, then a bank check was written from JE's account to the Debtor.  FNBC insisted on this procedure because the Debtor's bank account was at FNBC, and FNBC wanted to make sure that the Quality check made payable to JE was good before it released its hold on the funds deposited in the Crescent account.  This was never a Crescent job, and Crescent had no interest in the funds in question.  Crescent's bank account was used purely as a matter of administrative convenience.

**Interrogatory No. 3:**

If your response to Request for Admission number 9 is less than a full and complete admission of the truth of those matters, please state what value you contend was received by the Debtor in return for the Transfers.

**RESPONSE**: The first four transfers were not property of the Debtor. The Debtor received nothing in exchange for nothing, which is equivalent value. The last two transfers were repayments of loans made by Jack Fayard. The Debtor received a one-to-one reduction in its debts, which is equivalent value.

**Interrogatory No. 4:**

If your response to Request for Admission number 4 is less than a full and complete admission of the truth of those matters, please state when the Debtor became insolvent and the basis for your belief that the Debtor was solvent at any time when the Transfers were made.

**RESPONSE**: Objection. The interrogatory is improper, since the Trustee bears the burden of proof on the issue of insolvency. Defendants are not required to prove solvency. At this time the Defendants have not conducted a solvency analysis, and they are under no obligation to do so for purposes of these discovery responses. At this time the Defendants do not know when the Debtor became insolvent.

**Interrogatory No. 5:**

State the name of each and every witness with personal knowledge who can testify in support of the facts and contentions contained in your Answer to Complaint and your responses to these Requests for Admission, Interrogatories, and Requests for Production of Documents.

**RESPONSE**:

See Response to Interrogatory No. 6, below.

**Interrogatory No. 6:**

Give the name, address, and telephone number of each person whom you may seek to call as a witness (fact or expert) at trial in this matter; and for each such person, describe the substance of such person's anticipated testimony. Include both expert and fact witnesses.

**RESPONSE**: Jack Fayard will testify to all factual matters raised in the adversary complaint. his testimony will be that the Transfers were not of property of the Debtor, and that if the funds are deemed property of the Debtor, they the Transfers were in payment of debts owed to Fayard.

Defendants may call:

Nathan Kernion
Cycle Construction
6 East 3rd Street
Kenner, LA., 70062
504-467-1444

Hermann Hoffman
Peter S. Thriffiley, Jr.
1100 Poydras St., 30th Floor
New Orleans, LA, 70163
504-569-2030

D. Rex English
62250 West End Blvd
Slidell, LA, 70461
985-781-1073

Each of these witnesses, if called, will testify that the Cycle agreement was intended to be a one-off resolution of a dispute, and that the language quoted by Brand and by the trustee was not intended to indicate that Coast was the successor of Crescent for any purpose other than the Cycle job.

Dale Moore, CPA
85 Whisper Wood Dr.
Slidell, LA 70458
985-781-8565

Mr. Moore will testify that Jack Fayard put more money into the Debtor than he got out.

**Interrogatory No. 7:**

As to each expert listed in Interrogatory No. 6, separately state in detail all the facts, opinions and conclusions about which he/she is expected to testify including, but not limited to, the basis and grounds for the opinions and conclusions; identify all documents that the expert has used or created in reaching his opinion, including, but not limited to, reports, graphs, charts, and broadsides that he/she will rely upon or use at trial; identify all matters in which the expert has previously testified as an expert; state all data or other information considered by the witness in forming the opinion; and separately state his qualifications to testify as an expert including, but not limited to, the field of his expertise and work experience.

**RESPONSE**: Defendants do not intend to call any expert witnesses.

**Interrogatory No. 8:**

Identify any and all documents relating to or discussing the Transfers, including without limitation, all documents evidencing the Transfers, any and all contracts or invoices relating to

4

the Transfers, all documents relating to obligations paid by the Transfers, all correspondence, emails, or other documents relating to the Transfers or obligations paid by the Transfers, and all documents related to the check made payable to the Debtor showing JB [sic] Consulting and Construction, LLC as remitter attached hereto as Exhibit "B."

**RESPONSE**: 1. The Quality Construction contract with JE Consulting and Construction.
        2. The check from Quality to JE.
        3. The bank check and documents identified by the trustee.

**Interrogatory No. 9:**

Identify by interrogatory number each and every person who provided information for the preparation of the responses to these interrogatories.

**RESPONSE**: Counsel for the Defendants drafted all responses to all interrogatories, after consulting with Jack Fayard and obtaining information from him.

**Interrogatory No. 10:**

Identify all fact and expert witnesses whom you may call at trial and set forth a brief summary of their expected testimony.

**RESPONSE**: None.

**Interrogatory No. 11:**

Identify any and all documents and exhibits that you intend to introduce into evidence at the trial or at any hearing in this matter, all documents you intend to use for impeachment purposes, and all documents you intend to use for demonstrative purposes or to refresh the recollection of any witness.

**RESPONSE**: Objection. These documents have not been identified as of this time, and there is no rule or order that requires their identification prior to the submission of the pretrial order. The documents will be identified in accordance with court orders.

**Interrogatory No. 12:**

Identify any and all documents existing between (i) JB [sic] Consulting and Construction, LLC and the Debtor for the period January 1, 2014 to the present and (ii) JB [sic] Consulting and Construction, LLC and Coast for the period January 1, 2014 to the present.

RESPONSE: None.

**Interrogatory No. 13:**

Identify any and all documents existing between the Debtor and Coast, including without limitation those which demonstrate the relationship between the parties, instances where Coast has assumed obligations on behalf of the Debtor, and/or that Coast is the successor in interest to the Debtor.

**RESPONSE**: The only such document is the Cycle agreement. Coast assumed Crescent's obligations to Cycle pursuant to that settlement agreement. Coast never globally assumed Crescent's obligations and never intended to do so.

Respectfully submitted, this 12th day of December, 2018.

*/s/ Jeffrey L. Oakes*
Jeffrey L. Oakes (La. Bar No. 30281)
Beary & Oakes, L.L.C.
330 Carondelet Street
New Orleans, LA 70130
(504) 299-8724

I hereby swear under penalty of perjury that the foregoing answers to interrogatories are truthful and correct to the best of my knowledge.

*/s/ Jeffrey L. Oakes*
Jeffrey L. Oakes
Attorney for Jack Fayard